FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 0 2017

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TRAVIS STRICKLAND**　　　　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　No. 4:17-cv-403 KGB

**DUCK'S GARAGE, LLC; and
DON GODSEY**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Travis Strickland ("Plaintiff"), by and through his attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Duck's Garage, LLC, and Don Godsey (collectively "Defendants"), he does hereby state and allege as follows:

**I.　　PRELIMINARY STATEMENTS**

1.　This is an action brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.　Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and costs, including a reasonable attorney's fee, within the applicable statutory limitations period as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

**II.　　JURISDICTION AND VENUE**

This case assigned to District Judge Baker
and to Magistrate Judge Volpe

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, operating an automotive repair business in Saline County.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff was employed by Defendants at its facility located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Travis Strickland is a citizen of the United States and a resident of and domiciled in the State of Arkansas. He was employed by Defendants to work as an automotive mechanic in Defendants' Saline County shop.

10. While employed by Defendants as a mechanic Plaintiff was non-exempt from the requirements of the FLSA.

11. While employed by Defendants as a mechanic Plaintiff was non-exempt from the requirements of the AMWA.

12. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

13. Defendant Duck's Garage, LLC ("Ducks"), is a domestic for-profit limited liability company, registered to do business in the State of Arkansas, providing automotive repair services.

14. Defendant Duck's registered agent is Don Godsey, 8014 Renee Court, Benton, Arkansas 72019.

15. At all relevant times, Defendant Ducks has had a minimum of four employees.

16. During each of the three years preceding the filing of this Complaint, Ducks employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce, including but not limited to, vehicles, automotive parts, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

17. Plaintiff was one such employee who engaged in handing, selling or otherwise working on goods or materials that had been moved in interstate commerce.

18. During the relevant time, Duck's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each calendar year.

19. Defendant Don Godsey ("Godsey") is a principal, director and/or officer of Ducks.

20. Upon information and belief, Defendant Godsey controls or has the right to control the day-to-day operations of Defendant Ducks such that he is liable to Plaintiff as an employer under the FLSA.

21. Defendant Godsey established and/or maintained the policies at issue in this case.

22. Defendant Godsey was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

### IV. FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24. Plaintiff held a job title of Mechanic for Defendants within the three years preceding the filing of the Original Complaint and was paid a salary

25. Upon commencement of work for Defendants, Plaintiff did not sign any contract of employment setting forth his hours or wages. His annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

26. In performing services for Defendant, Plaintiff was not required to utilize any professional education relevant to his job duties.

27. Plaintiff's primary duty as a Mechanic was repairing automobiles for Defendants' customers.

28. Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery and tools, and not in an office.

29. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

30. Plaintiff did not select any employees for hire nor did he provide any training for any employee. Plaintiff had no ability to hire and fire any employee.

31. Plaintiff did not customarily or regularly direct the work of two or more other full-time employees.

32. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

33. Plaintiff always or almost always worked in excess of forty (40) hours per week during his tenure with Defendants.

34. Defendants did not pay an extra premium to Plaintiff for work in excess of forty hours per week.

### V. LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

35. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

#### A. Violation of the FLSA

36. Because Plaintiff was often required to work more than forty (40) hours per week for Defendants, Defendants violated the FLSA by failing to pay Plaintiff the overtime wages required under the FLSA.

37. Plaintiff did not qualify for any exemption from the overtime requirements of the FLSA throughout the period of time he worked for Defendants.

38. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee as provided by the FLSA.

### B. Violation of the AMWA

39. Because Plaintiff was often required to work more than forty (40) hours per week for Defendants, Defendants violated the AMWA by failing to pay Plaintiff the overtime wages required under the AMWA.

40. Plaintiff did not qualify for any exemption from the overtime requirements of the AMWA throughout the period of time he worked for Defendants.

41. Defendants violated the AMWA by failing to pay Plaintiff the overtime wages required under the AMWA.

42. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee as provided by the AMWA.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Travis Strickland respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages

under the FLSA, the AMWA, and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their relating regulations;

D. Judgment for any and all civil penalties to which Plaintiff may be entitled;

E. An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

F. Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**PLAINTIFF TRAVIS STRICKLAND**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: *Stacy Gibson*
Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

and *[signature]*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com